**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**MASONRY CONTRACTORS ASSOCIATION OF MEMPHIS, INC., et al.,**
**Defendants-Appellants.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**JOHN H. MOORE AND SONS, INC.,**
**Defendant-Appellant.**

**Nos. 73–1567, 73–1568.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1974.

Decided June 11, 1974.

---

Richard A. Brackhahn and David Ballon, Memphis, Tenn., for defendants-appellants; Bowling, Brackhan & Jackson, Memphis, Tenn., on brief, for Masonry Contractors Assoc. of Memphis, Inc.; William E. Friedman, Glascock, Ballon, Vorder Bruegge & Friedman, Memphis, Tenn., on brief for John H. Moore & Sons, Inc.

Andrew J. Barrick, Dept. of Justice, for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., J. Stanley Pottinger, Asst. Atty. Gen., David L. Rose, Cynthia L. Attwood, Attys., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

WEICK, Circuit Judge.

These appeals arise out of a "pattern or practice" suit filed in the District Court by the Attorney General under the provisions of Section 707(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(a). The complaint alleged that a number of masonry contractors, the Association of Masonry Contractors, a union local, and a Joint Apprenticeship Committee had engaged in a pattern or practice, in violation of Section 707 of the Act, which deprived Negroes of employment opportunities in the masonry construction industry in and about Memphis, Tennessee, from 1965, the effective date of the Act, until the filing of this suit, February 11, 1971. Other defendants were named as necessary parties under Rule 19(a), Fed.R.Civ.P.

The defendant contractors named in this suit were the major masonry contractors in the Memphis area, who conducted most of this type of construction work there.

After extended pre-trial procedures and stipulations, and a trial on the merits, the District Court adopted detailed findings of fact and conclusions of law. The Court found that Local No. 1, the Bricklayer Joint Apprenticeship Committee, John H. Moore and Sons, Inc., and a number of masonry contractors, had engaged in unlawful discriminatory employment practices against black workers. These defendants were enjoined from limiting, excluding from, or denying employment opportunities by reason of race or color, to bricklayers, apprentices, tile-setters or permitmen who may be employed by or seek employment from the defendants.

The District Court ordered certain of the defendants to employ black workers so that at least 5% of the total bricklayer man hours would be worked by black bricklayers for the years 1973 through 1975. These defendants were ordered to make semi-annual reports to the Court of their employment practices.

The Court further held that Local No. 1 and some of the masonry contractors were liable to black bricklayer-members of Local No. 1 for back pay from January 1, 1966 until December 31, 1971, if the black members could establish in hearings to be conducted by a Magistrate as Special Master that they had suffered damages attributable directly to the unlawful actions of said defendants.

The Court further enjoined all defendants from retaliation against any black bricklayer because he may have initiated the charges against the defendants.

Defendants, the Masonry Contractors Association of Memphis, Inc. [MCAM], and certain of its member contractors, and John H. Moore and Sons, Inc. [Moore], have appealed from the judgment of the District Court.

It is contended that the judgment was not supported by substantial evidence of intentional discrimination and that the use by the District Court of statistical evidence tending to prove discrimination was not competent.

It is further contended that the court failed to include parties required under Rule 19, Fed.R.Civ.P.; that jurisdictional prerequisites of an action instituted by the Attorney General were not met; and that the suit was not timely filed.

It is further contended that the imposition of quotas for the hiring of black workers was improper; that back pay cannot be awarded in a § 2000e–6(a) suit; and that if back pay can be awarded it was improper to order hearings before a Magistrate as a Special Master to determine monetary damages.

It has been settled that the use of statistics may establish a prima facie case of discrimination. United States v. Wood, Wire and Metal Lathers Int'l Union, Local 46, 471 F.2d 408, 414, n. 11 (2d Cir. 1973), citing United States v. Ironworkers, Local 86, 443 F.2d 544, 551 (9th Cir. 1971), cert. denied, 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971).

In the present case the District Court relied not only on statistical evidence but also on the testimony of several witnesses and extensive pre-trial discovery and stipulations, to find a "pattern or practice" of discriminatory conduct. The finding of such pattern or practice is supported by substantial evidence and is not clearly erroneous. In fact, the evidence upon which the decision was based was more than sufficient; it was quite convincing.

On appeal from a judgment of the District Court this Court will not consider the evidence de novo and substitute its judgment for that of the District Court. United States v. Ironworkers, Local 86, supra, at 549; Rule 52(a), Fed.R.Civ.P.

·Appellants contend that only major masonry contractors were joined in the action, and they assert that Rule 19, Fed.R.Civ.P., requires that "a considerable number of other companies and contractors besides Defendants who employed bricklayers or tilesetters in the Memphis area" should have been joined in this action. This contention is founded on a misunderstanding of the requirements of Rule 19. The applicability of Rule 19 to a Title VII employment discrimination case was recently discussed by the Seventh Circuit in LeBeau v. Libbey-Owens-Ford Co., 484 F.2d 798 (7th Cir. 1973). The Court held as to Rule 19:

> This rule mandates two separate but interrelated inquiries. First, is the absent party a person "to be joined if feasible"; and, second, if not feasible should the court in equity and good conscience allow the action to proceed or treat the absent party as indispensible. The desirability of joining a party depends on whether (1) complete relief can be granted in his absence; and (2) whether his interests will be prejudiced or those already parties will be subjected to a substantial risk of incurring inconsistent obligations. (Id. at 800).

The "considerable number of other companies and contractors besides Defendants who employed bricklayers" do not meet these criteria so as to require their joinder.

Complete relief as to the parties can be granted in their absence, and there is no showing either that the interests of these absent "other contractors" will be prejudiced, or that the parties will be subjected to a substantial risk of incurring inconsistent obligations. These other contractors do not even meet the criteria of Rule 19(a), particularly the stringent criteria in the rule that would require dismissal of the action by reason of the nonjoinder of these parties.

Because this action was brought under Section 707 of the Act (42 U.S.C. § 2000e–6(a) ) before said section was amended in 1972, it is not necessary for a charge to have been filed with EEOC

as required under § 2000e–5, nor is it necessary for the Attorney General to comply with the provisions of § 2000e–5 as to notice, informal methods of correction of the discriminatory acts, and the time limits for filing a complaint.

■ The only prerequisite for the Attorney General to bring a civil action under § 2000e–6 is that he have reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination. 42 U.S.C. § 2000e–6(a); United States v. International Ass'n of Bridge, Structural and Ornamental Iron Workers, Local 1, 438 F.2d 679 (7th Cir. 1971), cert. denied, 404 U.S. 830, 92 S.Ct. 75, 30 L.Ed.2d 60 (1971).

As to the contention that the relief granted by the District Court was improper, it should be noted that the Attorney General may request "such relief . . . as he deems necessary to insure the full enjoyment of the rights herein described." 42 U.S.C. § 2000e–6(a).

■ The issue as to whether or not "back pay" is a proper form of relief in a Section 707 pattern and practice suit was carefully examined by the Fifth Circuit in United States v. Georgia Power Co., 474 F.2d 906, 919–921 (5th Cir. 1973). The Court concluded:

> [T]his form of relief [back pay] may not properly be viewed as a mere adjunct of some more basic equity. It is properly viewed as an integral part of the whole of relief which seeks, not to punish the respondent but to compensate the victim of discrimination. (*Id.* at 921).

This Court's statements in Head v. Timken Roller Bearing Co., 486 F.2d 870 (6th Cir. 1973), in regard to back pay in a Title VII Section 706 suit are equally applicable to a Section 707 action:

> The finding of discrimination by the district court, in addition to the nature of the relief (compensatory as opposed to punitive), and the clear intent of Congress that the grant of authority under Title VII should be broadly read and applied mandate an award of back pay unless exceptional circumstances are present.

> Congress evidently intended that the award of back pay should rest within the sound discretion of the trial judge. (*Id.* at 876).

Relative to the reference of the computation of back pay to a Magistrate as a Special Master, such a procedure is authorized by Rule 53(b), Fed.R.Civ.P., and has been approved by the courts in Title VII cases. Robinson v. Lorillard Corp., 319 F.Supp. 835, 843 (M.D.N.C. 1970), aff'd in relevant part, 444 F.2d 791 (4th Cir. 1971), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); United States v. Wood, Wire & Metal Lathers Int'l Union, Local 46, 328 F.Supp. 429 (S.D.N.Y.1971).

In regard to the question of who is liable for back pay, it should be noted that Section 707 applies to "any person or group of persons" engaged in a pattern or practice of discrimination that inhibits the full enjoyment of rights secured by this subchapter.

■ Subchapter VI, Equal Employment Opportunities, of Title VII (42 U.S.C. § 2000e) secures one's rights of equal employment as to employers, employment agencies, labor organizations, or joint labor-management committees controlling apprenticeship or other training. 42 U.S.C. § 2000e. For a person or group of persons to be liable for back pay for a pattern or practice of discrimination under Section 707, said person or group of persons must come within one of the above-named categories as defined by the subchapter.

Thus, for the parties to this appeal, only those contractors who were employers under § 2000e are liable for back pay. The District Court in its final decree ordered that the relief granted as to back pay conform to this requirement, and two contractors who were previously held liable were relieved from the back pay obligations.

■ Appellants also assert that claims for back pay cannot be made in

this action by reason of the fact that such claims are barred by the running of the statute of limitations or laches. There is no statute of limitations delineated in § 2000e–6, and the time limitations for making a claim under § 2000e–5 are not applicable to actions under § 2000e–6. United States v. Georgia Power Co., 474 F.2d 906 at 922 (5th Cir. 1973). The appropriate statute of limitations for a § 2000e–6 action is the limitation period prescribed by the state where the court sits for an action which seeks similar relief brought in a court of that state. *Id.* at 923.

■ We do not determine the applicable state law in this appeal, for the running of the statute of limitations and laches are affirmative defenses, and such defenses must be set forth in the pleadings. Rule 8(c), Fed.R.Civ.P. The defendants in their answers did not plead the statute of limitations as a defense.

The plaintiff's prayer for relief included a prayer that defendants be permanently enjoined from:

d. Failing or refusing to provide journeymen Negro brickmasons such compensation as justice and equity may require for the past failures to provide them with equal employment opportunities.

While in our opinion the complaint was sufficient to give notice to the defendants that they may incur a liability for back pay, the defendants must have become aware, during trial, of the possibility of such a liability, and they should have moved the trial court for leave to amend their answers under Rule 15(a), Fed.R.Civ.P. if they desired to plead the statute of limitations. Appellants have not shown where any attempt was made to amend their answers at trial, and in our search of the record we have not found that such an attempt was made.

■ Appellants may not assert the affirmative defenses of the statute of limitations or laches for the first time on appeal. Rule 8(c), Fed.R.Civ.P.; Strauss v. Douglas Aircraft Co., 404 F.

2d 1152, 1155 (2d Cir. 1968); Badway v. United States, 367 F.2d 22, 25 (1st Cir. 1966).

■ It is well settled that the courts may require affirmative action on the part of defendants who are found to have violated Title VII, in order to correct the continuing effect of past discriminations. United States v. International Bhd. of Elec. Workers, Local 38, 428 F.2d 144, 149 (6th Cir. 1970), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L. Ed.2d 248 (1970).

Such affirmative action may include the imposition of quotas for the hiring of black workers. United States v. Wood, Wire & Metal Lathers Int'l Union, Local 46, 471 F.2d 408, 413 (2d Cir. 1973).

■ The District Court granted relief in the form of quotas in hiring, and required of several defendants semi-annual reports to the court. Such relief is proper as to those contractors who were found to be "employers", as defined in 42 U.S.C. § 2000e. However, such relief may not be granted against those contractors who were joined as necessary parties under Rule 19(a), but who do not meet the criteria of an employer, as established in § 2000e. Since the statute does not cover such contractors, such relief as to them was not proper.

In a Memorandum Opinion and orders pursuant thereto, dated November 29, 1972, the District Court ordered masonry contractors Cook, Fortner, Gardner, Madewell, Moore, Norris, Sowell, Young, Brown, Buck, Duncan, Jensen, Southern, and Youngblood, for the years 1973–1975, to employ sufficient black bricklayers so that at least 5% of the total bricklayer man hours worked will be attributable to blacks.

In the Final Decree of January 26, 1973 the Memorandum Opinion of November 29, 1972 was incorporated therein by reference. The Final Decree also stated that Brown, Cook, Fortner, Gardner, Huff, Jensen, Kindig, Madewell, Norris, Palmer, Sowell, and Young were ordered to employ sufficient black brick-

layers, permitmen and/or apprentices so that at least 5% of the total bricklayer manhours worked would be worked by black workers. Thus, if a contractor's name appeared either on the list in the Memorandum Opinion of November 29, 1972, or in the Final Decree of January 25, 1973, the quotas for hiring black workers were imposed.

Of those contractors against whom such relief was ordered the following were "employers" within the meaning of the Act: Cook, Fortner, Gardner, Madewell, Moore, Norris, Sowell, and Young. As to these defendants such relief was proper.

The following contractors were *not* "employers" as defined by the Act: Brown, Buck, Duncan, Jensen, Southern, Youngblood, Huff, Kindig, and Palmer. Of these contractors Brown, Jensen, Huff, Kindig and Palmer are parties to this appeal. For these parties the imposition of quotas was improper and the order as to them pertaining to quotas is vacated.

(Buck, Duncan, Southern and Youngblood entered into an agreement in the District Court to hire the requisite proportion of black bricklayers, and they did not appeal from the judgment of the District Court. As to these four contractors the relief granted is valid.)

The District Court assessed costs of the litigation against several defendants, some of whom were not "employers", and some of whom were "employers". This was proper, for all of the defendants were properly joined as defendants, and the awarding of costs is within the sound discretion of the District Court. There has been no showing of abuse of discretion on the part of the trial Judge, and the findings made by the Court support its determination of who should be liable for costs. Those contractors who began to comply with Title VII in recent years were excused from liability for costs.

The judgment of the District Court is affirmed as modified herein.