**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**AKRON NATIONAL BANK & TRUST COMPANY, Defendant.**

Civ. A. No. C77–5A.

United States District Court,
N. D. Ohio, E. D.

May 3, 1978.

Nancy L. Nesewich, Jeffrey C. Bannon, EEOC, Chicago, Ill., Mark H. Ludwig, Akron, Ohio, for plaintiff-intervenor.

Phillip S. Heffernan, Edward C. Kaminski, Akron, Ohio, for defendant.

## ORDER

CONTIE, District Judge.

The above captioned matter is before the Court upon defendant's Motion to Dismiss Class Action Allegations from the Complaint. Upon consideration and for the reasons stated below, said motion shall be denied.

The Equal Employment Opportunity Commission (EEOC) instituted the present action with the filing of a complaint on January 5, 1977. Said complaint recites that the present action is "authorized and instituted pursuant to Section 706(f)(1) and (3) and (g) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et seq. (Supp. IV, 1974)."

The complaint contains an assertion that more than thirty days prior to the initiation of the present action an individual filed a charge with the EEOC alleging a violation of Title VII of the Civil Rights Act of 1964. The gravamen of the complaint is a broad

based allegation of sex discrimination as follows:

7. Since July 2, 1965, and continuously up until the present time, Defendant Akron National Bank has intentionally engaged in unlawful employment practices at its Akron facility and its 22 branch offices in Summit County, in violation of Section 703 of Title VII, 42 U.S.C. Section 2000e–2, including but not limited to, the following practices:

(a) Failing to promote women into management and officer positions because of their sex.

(b) Failing to provide women with salaries equal to men performing similar or comparable work because of their sex.

(c) Providing employee benefits which have a disparate effect upon women.

(d) Engaging in job assignment practices that have an adverse effect upon women.

8. The effect of the policies and practices complained of in paragraph 7 above has been to deprive women of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

Plaintiff's request for relief is as broad as its allegation of wrongdoing. In addition to requesting injunctive relief, it has requested monetary relief in the form of back pay "to make whole those persons adversely affected by the unlawful employment practices."

The defendant, by the present motion, asserts that plaintiff is attempting to prosecute a class action but has failed to move to certify it as such pursuant to Rule 23, Federal Rules of Civil Procedure. The EEOC admits that it is seeking class relief but contends that when it sues for class relief it does so in the public interest and is thus excused from compliance with Rule 23. The Court of Appeals for the Sixth Circuit has ruled that the provisions of Rule 23(c)(1) are mandatory and that a district court is required to enter an order determining the appropriateness of a class action whether requested by the plaintiff or not. *Garrett v. City of Hamtramck*, 503 F.2d 1236 (6th Cir. 1974). Of course, a plaintiff's failure to move for class certification, in usual circumstances, raises grave doubts concerning his appropriateness as a class representative. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). The Court concludes, therefore, that the defendant, by the present motion, asserts the following: (1) whenever the EEOC brings an action pursuant to Section 706 which seeks relief for a broad class of individuals, it must comply with Rule 23; (2) inasmuch as the EEOC has failed to move to certify the present action as a class action pursuant to Rule 23, it has shown that it will not adequately represent the interests of the class.

## I.

The EEOC was established by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Title VII, as originally enacted, however, did not provide authority for the EEOC to bring civil actions. Rather, its function was limited to investigation of employment discrimination charges and informal methods of conciliation and persuasion. Section 706(e), 42 U.S.C. § 2000e–5(e), provided that if the EEOC's conciliation efforts were unsuccessful, the charging party could initiate a civil action within 30 days of receipt of notice of the failure of conciliation efforts.[1]

In 1971, Congress noted a need to add to the EEOC's enforcement powers.[2] Al-

---

1. Title VII also provided for "pattern or practice actions" to be filed by the Attorney General. *See generally*, Section II *infra*.

2. A little more than 6 years ago, Congress enacted Title VII of the Civil Rights Act of 1964, Public Law 88–352, 42 U.S.C. 2000(e)–

2000(e–15). That act recognized the prevalence of discriminatory employment practices in the United States and the need for Federal legislation to deal with the problem. Title VII of that Act, created the Equal Employment Opportunity Commission which became effective July 2, 1965. In the interven-

though there was much debate over what kind of additional enforcement powers the EEOC should be granted, it was ultimately concluded that Section 706 should be amended to allow the EEOC, if unable to secure an acceptable conciliation agreement, to bring an action in its own name. The private cause of action, however, was retained in Section 706:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

In addition, a provision was added to Section 706 granting the charging party the right to intervene in an action brought by the EEOC.

■ It is clear that an aggrieved individual who brings an action pursuant to Section 706 may, in addition to seeking individual relief, serve as a class representative. See *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976). In such a case, the class representative must satisfy the requisites of Rule 23.

The parties to the present case both start with an assumption that the EEOC can seek relief for a broad class of individuals under Section 706. The difference in their positions, however, is that while defendant contends that the EEOC must satisfy Rule 23 just as an individual plaintiff would, the EEOC asserts that, because of its public purpose, it is excused from satisfying Rule 23.

The Court of Appeals for the Fifth Circuit, in *EEOC v. D. H. Holmes Co.*, 556 F.2d 787 (5th Cir. 1977), agreed with the proposition urged by the present defendant. In *Holmes* the EEOC had filed a complaint which recited that it had been filed pursuant to Section 706 and which further recited that it sought injunctive and back pay relief for a broad class of individuals. The lower court ordered the EEOC to move for class certification. Rather than so moving, it took an interlocutory appeal.

Initially, the Court of Appeals found that the EEOC was attempting to prosecute a class action under Section 706. It further found that when the EEOC brings an action pursuant to Section 706, it stands in the shoes of the aggrieved party. The court found no basis in the statutory language or legislative history of Section 706 to support the position of the EEOC that it was exempt from complying with Rule 23 when proceeding under that section of the Act.

ing 6 years, the Commission made an heroic effort to reduce discrimination in employment which was found to pervade our system.

Despite the commitment of Congress to the goal of equal employment opportunity for all our citizens, the machinery created by the Civil Rights Act of 1964 is not adequate.

Despite the progress which has been made since passage of the Civil Rights Act of 1964, discrimination against minorities and women continues. The persistence of discrimination, and its detrimental effects require a reaffirmation of our national policy of equal opportunity in employment. It is essential that seven years after the passage of the Civil Rights Act of 1964, effective enforcement procedures be provided the Equal Employment Opportunity Commission to strengthen its efforts to reduce discrimination in employment.

H.R.Rep. No. 92–238, 92d Cong., 2nd Sess., *reprinted in* [1972] U.S.Code Cong. & Admin. News pp. 2137, 2139.

It further found no basis for such a conclusion in the Federal Rules of Civil Procedure. Inasmuch as if the aggrieved party had attempted to prosecute a class action under Section 706 he would have had to satisfy the requisites of Rule 23, the Court of Appeals concluded that the EEOC had to satisfy the same requisites. The court went on to conclude that it was not impossible for the EEOC to satisfy Rule 23 and remanded the action to the district court for further proceedings.

■ It is clear that the EEOC is here attempting, as it was in *Holmes*, to prosecute a class action under Section 706. This Court agrees with the court's finding in *Holmes* that there is nothing in the Federal Rules of Civil Procedure, the statutory language of Section 706, or its legislative history which exempts the EEOC from complying with Rule 23. This Court, however, unlike the court in *Holmes*, has concluded, as a matter of law, that the EEOC can never satisfy the requisites of Rule 23. This conclusion dictates the further conclusion that when the EEOC prosecutes an action pursuant to Section 706, it is limited to seeking relief for the charging party.

The court in *Holmes* addressed two of the requisites of Rule 23. First the court considered the contention that the EEOC was not a member of the class that it sought to represent:

> Here EEOC has been given explicit statutory standing to sue. To hold that EEOC is not a 'member of the class' as that term is used in Rule 23 would be contrary to Congress' purpose. Especially when EEOC seeks to recover back pay for individuals, it would seem to be Congress' clear intent that EEOC stand in the shoes of those individuals and represent them in a suit the individuals would otherwise be entitled to bring. Where individuals can institute Title VII

suits under Rule 23, it would be anomalous in the extreme to hold that EEOC, an enforcement agency expressly authorized by Congress to sue, may never do so under Rule 23 solely because it runs afoul of the membership requirement.

*Holmes*, supra at 796–97 (footnotes omitted).

Implicit in the above quoted portion of the court's opinion is a recognition that the EEOC is not a member of the class it was attempting to represent. The court, however, inferred a Congressional intent to excuse the EEOC from this particular requisite of Rule 23. This Court can find no more compelling reason to excuse the EEOC from satisfying Rule 23's membership requirement than can be found for excusing compliance with all of Rule 23's requirements.

The court in *Holmes* stated:

> We emphasize that it is Congress which has conferred standing on EEOC. Congress has thus determined that EEOC does sufficiently 'possess the same interest and suffer the same injury' as the class members for whom it would sue. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Congress, then, has concluded our inquiry and has made EEOC a member of the class of discriminatees that EEOC statutorily represents.

*Holmes*, supra at 797 n. 16.

This Court simply cannot agree that Congress' provision of standing is equivalent with a Congressional determination that the EEOC does " 'possess the same interest and suffer the same injury'." Congress provided the EEOC with standing to sue to protect the "national policy of equal opportunity in employment." [3] The EEOC thus

---

**3.** See note 2 supra. In *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1359 (6th Cir. 1975), the Sixth Circuit Court of Appeals stated:

> [T]he eradication of discrimination by race and sex promotes public interests and tran-

> scends private interests. Each step along the road to equal employment opportunity takes us closer to the goal of a truly open society, confining individuals only within boundaries set by their own talents and determination. As we wrote in *Blue Bell Boots, Inc. v. EEOC*,

sues to vindicate the public interest. It is obvious that vindication of the public interest greatly overlaps with vindication of the aggrieved parties' individual interest, just as the vindication of the individual's interest in a private Title VII action greatly overlaps vindication of the public's interest, but the fact remains that they are two distinct interests. What's more, there is a very real possibility for those two interests to, at times, conflict. But see *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 381, 97 S.Ct. 2447, 2462, 53 L.Ed.2d 402 (1977) (Rehnquist, J., dissenting). This Court, therefore, finds, as a matter of law, that the EEOC is not and cannot be a member of the class of aggrieved individuals.

The court in *Holmes* was also presented with an assertion that the EEOC was incapable of satisfying Rule 23(a)(4):

> We now turn to EEOC's contention that, as a matter of law, it can never be an adequate representative of the class as required by Rule 23(a)(4). We again disagree. In the normal situation, we might expect EEOC to be a representative *par excellence*. Having as it does the resources, experience and tenacity adequately to serve the interests of the class it purports to represent, we would think of it as certainly as likely a candidate as any to satisfy 23(a)(4). We note that EEOC voices concern over its public purpose as opposed to the private interests in this case. . . . Such concerns pose a question of fact to be 'raised and resolved in the trial court in the usual manner' and which is not properly before us at this stage. . . .

*Holmes*, supra at 797 (citations and footnotes omitted).

This Court certainly agrees concerning the EEOC's resources, experience and tenacity. It cannot agree, however, that the EEOC's public purpose does not disqualify it as an adequate class representative as a matter of law.

As stated earlier, when the EEOC brings an action pursuant to Section 706, it does not simply "stand in the shoes of the charging party." Nor does it simply serve as a legal representative of the charging party. *United States v. Allegheny Ludlum Industries, Inc.*, 517 F.2d 826, 870 (5th Cir. 1975). Rather, it sues to vindicate an important public interest. There exists a very real prospect that the EEOC's public interest may conflict with the private interest of the allegedly aggrieved individuals. Congress implicitly recognized this possibility of conflicting interest when it provided in Section 706 that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . ."

The Court is convinced that although EEOC's public purpose may not always conflict with the interests of the allegedly aggrieved individuals, indeed it may usually not conflict, the potential for such conflict requires the Court to rule that the EEOC is, as a matter of law, incapable of satisfying Rule 23(a)(4). See *EEOC v. Detroit Edison Co.*, 515 F.2d 301, 311 (6th Cir. 1975), vacated on other grounds, 431 U.S. 951, 97 S.Ct. 2668, 53 L.Ed.2d 267 (1977).

Based on the foregoing, the Court has concluded that there is nothing in Section 706, its legislative history, or the Federal Rules of Civil Procedure that excuses the EEOC from complying with Rule 23. It has further concluded that the EEOC is, as a matter of law, incapable of complying with Rule 23. These conclusions dictate the further conclusion that the present action cannot proceed as a class action pursuant to Section 706. This, however, does not lead to the result urged by defendant.

## II.

Title VII of the Civil Rights Act of 1964, as originally promulgated, in addition to providing for actions by aggrieved individu-

---

418 F.2d 355, 358 (6th Cir. 1969), 'Title VII of the Civil Rights Act of 1964 should not be construed narrowly, and the Commission may, in the public interest, provide relief which goes beyond the limited interests of the charging parties.' Thus, the EEOC represents the public interest when it sues to enforce Title VII, not solely the interests of the private charging parties.

als pursuant to Section 706, provided at Section 707, 42 U.S.C. § 2000e–6, for actions by the Attorney General:

(a) Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described, the Attorney General may bring a civil action in the appropriate district court of the United States by filing with it a complaint (1) signed by him (or in his absence the Acting Attorney General), (2) setting forth facts pertaining to such pattern or practice, and (3) requesting such relief, including an application for a permanent or temporary injunction, restraining order or other order against the person or persons responsible for such pattern or practice, as he deems necessary to insure the full enjoyment of the rights herein described.

As is clear from the above quoted portion of Section 707, it authorized the Attorney General to seek relief on behalf of a broad class of individuals. In addition to authorizing the EEOC to bring actions in its own name·pursuant to Section 706, the Equal Employment Opportunity Act of 1972 removed the authority to prosecute "pattern or practice" suits from the Attorney General and placed it in the EEOC. This was accomplished by adding subsections (c), (d), and (e) to Section 707.

Section 707, in effect, permits the EEOC to prosecute a "statutory class action" outside the provisions of Rule 23. This fact was recognized by the Court in *Holmes*:

Furthermore, we note emphatically that this is *not* a situation in which application of procedural rules will thwart any substantive right whatsoever.

If, for any reason, EEOC is not certified below but still believes a pattern or practice of discrimination exists in the Holmes Company, its recourse is to file a

suit under § 707 of the Civil Rights Act, 42 U.S.C. § 2000e–6. At the same time, EEOC might continue to seek relief for the five named individuals in the instant case under § 706, 42 U.S.C. § 2000e–5 upon dropping the class aspects of this suit.

*Holmes*, supra at 792 n. 8 (emphasis in original).

The defendant in the present case also appears to recognize that the EEOC can bring an action pursuant to Section 707 seeking relief for a broad class of individuals without complying with Rule 23. It asserts, however, that when the EEOC brings such an action it cannot be awarded relief in the form of back pay.

The Court of Appeals for the Sixth Circuit has recognized that back pay is an appropriate form of relief in an action brought pursuant to Section 707. *United States v. Masonry Cont. Ass'n.*, 497 F.2d 871 (6th Cir. 1974). The defendant, however, urges that inasmuch as that action was filed prior to the 1972 amendment to Section 707, its holding is no longer viable:

To date, Defendant knows of no case decided by a Federal Court stating specifically that backpay is an appropriate remedy under § 707 as amended by the 1972 Amendments to Title VII. Prior to the 1972 Amendments, the U. S. Government if it chose to bring an action could only do so under § 707. The Courts, as the decisions cited by Plaintiff in its Memorandum show, found a way to award backpay in the § 707 actions. However, subsequent to the 1972 Amendments, EEOC now has a method of requesting backpay, i. e., under § 706.

Defendant's Reply Memorandum at 3. This Court cannot agree with defendant's assertion for a number of reasons.

Initially, the court's holding in *Masonry* was in no way premised upon the government's inability to recover back pay relief pursuant to Section 706. The court in *Masonry* placed prime reliance upon the Fifth Circuit Court of Appeals' earlier decision in *United States v. Georgia Power Company*, 474 F.2d 906 (5th Cir. 1973). In finding

that back pay was available relief under Section 707, the court in *Georgia Power* stated:

> We think it incongruous that Congress would have thought it appropriate to give the EEOC and the Attorney General authority to sue for back pay under Section 706 but not in cases involving the more serious Section 707 problems.

*Georgia Power*, supra at 920. Based on the court's statement in *Georgia Power*, it becomes apparent that if the issue of back pay relief pursuant to Section 706 affected the court's reasoning in *Masonry* at all, it was the availability of such relief not its unavailability that led to the court's conclusion.

A second reason this Court cannot accept defendant's assertion is that it is based upon an assumption that the EEOC can recover back pay for a class of individuals pursuant to Section 706. As demonstrated in Section I of this Opinion, the Court disagrees with this assumption.

The final reason the Court does not accept defendant's assertion is based upon the nature of back pay relief in a Title VII action. As the Supreme Court has stated:

> The District Court's decision must therefore be measured against the purposes which inform Title VII. As the Court observed in *Griggs v. Duke Power Co.*, 401 U.S. 424 at 429–430, 91 S.Ct. 849, 28 L.Ed.2d 158, the primary objective was a prophylactic one:
>
> > "It was to achieve equality of employment opportunities and remove barriers that have. operated in the past to favor an identifiable group of white employees over other employees."

Backpay has an obvious connection with this purpose. If employers faced only the prospect of an injunctive order, they would have little incentive to shun practices of dubious legality. It is the reasonably certain prospect of a backpay award that 'provide[s] the spur or catalyst which causes employers and unions to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges of an unfortunate and ignominious page

in this country's history.' *United States v. N. L. Industries, Inc.*, 479 F.2d 354, 379 (CA8 1973).

It is also the purpose of Title VII to make persons whole for injuries suffered on account of unlawful employment discrimination. This is shown by the very fact that Congress took care to arm the courts with full equitable powers.

*Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 2371–2372, 45 L.Ed.2d 280 (1975).

Although the Supreme Court's statement in *Albemarle* was in the context of a Section 706 action, this Court finds its reasoning fully applicable to the present case. The main purpose of a Section 707 action is to vindicate the public interest. This public interest is furthered by the prophylactic nature of a back pay award. The second purpose listed by the Court in *Albemarle*, vindication of the right of aggrieved individuals to be made whole, is also furthered by permitting the EEOC, as a statutory class representative, to recover back pay relief.

■ Based on the foregoing, this Court concludes that Section 707 provides the EEOC with authority to, in the public interest, prosecute a "pattern or practice suit." It further concludes that in prosecuting such a "pattern or practice suit," the EEOC has authority, both in the public interest and as a statutory class representative, to seek back pay relief for aggrieved individuals.

### III.

Inasmuch as the Court has concluded that the EEOC is not authorized to seek the relief requested in the present case pursuant to Section 706, it is clear that the present action cannot proceed based upon the allegations of the present complaint. In view of the Court's conclusion, however, that the EEOC is authorized to seek the relief requested pursuant to Section 707, it is also clear that it would be inappropriate to strike the class allegations unless other grounds raised by defendant's motion make

such action appropriate. The Court finds the further grounds raised by defendant to be without merit.

Accordingly, defendant's Motion to Dismiss the Class Allegations from the Complaint is hereby denied. Plaintiff is hereby granted ten days leave to file an amended complaint consistent with this Order.

IT IS SO ORDERED.