**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**SINGER CONTROLS COMPANY OF AMERICA, APPLIANCE AND AUTOMOTIVE DIVISION, Defendant.**

No. C 75–317.

United States District Court, N. D. Ohio W. D.

Aug. 17, 1978.

(a) treating the condition of pregnancy or childbirth differently from other temporary disabilities with regard to the commencement and duration of leave; and

(b) requiring medical approval for the commencement and duration of such leave, as well as reserving the right to allow the Company's physician to determine the appropriateness of leave, not otherwise required for leave of absence due to temporary physical conditions.

Plaintiff seeks injunctive relief, as well as an order that the Defendant Company make whole those persons adversely affected by the unlawful employment practices alleged in the complaint. The complaint does not name any of the women alleged to have been adversely affected by the Defendant Company's employment practices.

On August 22, 1977, plaintiff filed a "Motion for Consent to Communicate with Actual or Potential Class Members." At a pretrial conference on October 7, 1977, the Court indicated its intention to deny plaintiff's motion on the grounds that the EEOC must proceed pursuant to Rule 23, F.R. Civ.P. *See E.E.O.C. v. D. H. Holmes Co., Ltd.*, 556 F.2d 787 (5 Cir.), *rehearing denied*, 565 F.2d 164 (5th Cir. 1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978). At plaintiff's request, the parties were granted leave to submit briefs on the question of the applicability of Rule 23 to actions brought by the EEOC. The issue has now been fully briefed by the parties, and oral argument was heard on April 7, 1978.

Carolyn Cairns, Equal Employment Opportunity Commission, Chicago Regional Litigation Center, Chicago, Ill., for plaintiff.

L. Paul Albrechta, Fremont, Ohio, for defendant.

### MEMORANDUM and ORDER

WALINSKI, District Judge.

This sex discrimination action is brought by Plaintiff Equal Employment Opportunity Commission [hereinafter EEOC] under § 706(f)(1) and (3) and (g) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff's Amended Complaint claims that Defendant Singer Controls Company of America, Appliance and Automotive Division [hereinafter Company] has deprived its female employees of equal employment opportunities by:

■ Although the EEOC's pleadings do not allege that the instant suit is brought as a class action, it is clear that the EEOC seeks relief for a class comprised of all past female employees of the Defendant Company who allegedly were denied equal employment opportunities by defendant's policies regarding disability leaves resulting from pregnancy or childbirth. Thus, the sole issue before the Court is a legal one, to wit: whether the EEOC, when it brings a "class action" pursuant to § 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1), must demonstrate

compliance with the requirements of Rule 23, F.R.Civ.P.

In *E.E.O.C. v. D. H. Holmes Co., Ltd., supra,* [hereinafter *Holmes*], the United States Court of Appeals for the Fifth Circuit addressed this precise question as one of first impression among the circuits, and held that compliance with the requirements of Rule 23 *is* required when the EEOC brings an action under 42 U.S.C. § 2000e–5(f)(1). This holding is contrary to a wealth of district court authority issued both prior and subsequent to *Holmes*, and plaintiff therefore urges the Court not to follow the Fifth Circuit's ruling.

The rationale of the *Holmes* decision is two-fold: First, the court found that nothing in the statutory language or legislative history of Title VII supports the EEOC's position regarding the existence of a statutory class action outside of Rule 23. Second, the court found that the *res judicata* effect of a Rule 23 class action judgment and the protection thereby afforded the defendant, as well as the judicial supervision inherent in a Rule 23 class action, were necessary procedural protections for defendants in Title VII cases.

While the issue is a close one, the Court is not persuaded by the arguments adopted in the *Holmes* decision, and therefore joins the United States District Courts for the Northern District of Indiana and the Western District of Washington in declining to follow the ruling of the Fifth Circuit. *See E.E.O.C. v. Whirlpool Corp.,* Civil No. S 76–85, 80 F.R.D. 10 (N.D.Ind. filed February 3, 1978); *E.E.O.C. v. Gen'l Tel. Co. of Northwest,* 16 F.E.P. 476 (W.D.Wash.1977).

Prior to 1972, the EEOC was without statutory authority to bring employment discrimination suits either in its own name or on behalf of complaining parties. The original Civil Rights Act of 1964 did, however, authorize the Attorney General to bring "pattern and practice suits against employers where discrimination consisted of more than isolated incidents."

In 1972, Title VII was amended by Congress to permit the EEOC to bring actions on behalf of individuals under § 706, 42 U.S.C. § 2000e–5(f)(1), and to bring pattern and practice suits under § 707, 42 U.S.C. § 2000e–6. Thus, the EEOC is presently empowered to bring actions under both §§ 706 and 707, and may seek both injunctive relief and affirmative relief in the form of back pay.

There is no case authority suggesting that the Attorney General was *ever* required to comply with Rule 23 to bring a pattern and practice suit under § 707. *See generally International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Furthermore, there is nothing in the legislative history of the 1972 amendments, or in the subsequent case law, which suggests that the EEOC's position as plaintiff in a § 707 suit is any different from that formerly occupied by the Attorney General. *See generally* 118 Cong.Rec. 4081 (1972) (remarks of Sen. Williams); 118 Cong.Rec. 4081–82 (remarks of Sen. Javits). *See also United States v. Allegheny-Ludlum,* 517 F.2d 826 (5th Cir. 1975).

In light of the present redundancy of § 706 and § 707, it strikes the Court as highly anomalous to conclude that compliance with Rule 23 is required when the EEOC initiates suit under § 706, when such compliance has never been required when the suit is brought under § 707. *E.E.O.C. v. Gen'l Tel. Co. of Northwest, supra,* 16 F.E.P. at 478. Indeed, prior to the *Holmes* decision, several district courts had expressly or impliedly held that the EEOC was *not* required to comply with Rule 23 to maintain a § 706 action. *E.E.O.C. v. Vinnell-Dravo Lockheed-Mannix,* 417 F.Supp. 575 (D.C.Wash.1976); *E.E.O.C. v. CTS of Asheville, Inc.,* 13 F.E.P. 852 (D.N.Car.1976); *E.E.O.C. v. Rexene Polymers Co.,* 10 F.E.P. 61 (Tex.1975); *E.E.O.C. v. Lutheran Hospital,* 10 F.E.P. 1177 (D.Mo.1974); *E.E.O.C. v. Mobil Oil Corp.,* 362 F.Supp. 786 (D.Mo. 1973). Moreover, on at least four occasions the Sixth Circuit Court of Appeals has permitted the EEOC to maintain actions on behalf of a class without reference to, or compliance with, Rule 23. *See, e. g., E.E.O.C. v. Bailey Co., Inc.,* 563 F.2d 439 (6th Cir. 1977); *E.E.O.C. v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975), *vacated and remanded on other grounds,* 431 U.S. 951,

97 S.Ct. 2669, 53 L.Ed.2d 267 (1977); *E.E. O.C. v. Kimberly-Clark Corp.*, 511 F.2d 1352 (6th Cir. 1975), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1976); *E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974). This case law impliedly recognizes that the EEOC's authority to maintain remedial actions on behalf of a class derives solely from Title VII, and is not dependent upon compliance with the provisions of Rule 23.` The Court finds this the most reasonable conclusion to be drawn from the statutory language and legislative history of Title VII.

Finally, the Court finds that the notice and conciliation provisions of Title VII provide adequate procedural safeguards for defendants in § 706 suits. *See generally E.E. O.C. v. Bailey Co., Inc., supra*, 563 F.2d at 446–50. Resort to Rule 23 would afford defendants no further protection, as it has been uniformly held that neither the doctrine of *res judicata* nor collateral estoppel would operate to bar subsequent actions by private litigants not in privity with the EEOC. *See Rodriquez v. East Texas Motor Freight*, 505 F.2d 40, 65 (5th Cir. 1974), *vacated on other grounds*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Williamson v. Bethlehem Steel Corp.*, 468 F.2d 1201, 1203 (2d Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1893, 36 L.Ed.2d 390 (1973). *See also E.E.O.C. v. Kimberly-Clark Corp., supra*, 511 F.2d at 1361.

For the reasons stated above, the Court holds that compliance with the requirements of Rule 23 is *not* required when the EEOC brings an action under 42 U.S.C. § 2000e–5(f)(1).

This holding brings the Court to Plaintiff's Motion for Consent to Communicate with Actual or Potential Class Members. Plaintiff seeks leave to send a letter and questionnaire to certain women identified as present or former employees of the Defendant Company who took a maternity leave from their jobs at any time relevant to this action. Defendant objects to the fact as well as the form of the proposed communication.

Having considered the positions of the parties, the Court finds that the proposed communication is likely to develop probative and relevant data necessary to prove or disprove plaintiff's claims.

It is therefore

ORDERED that Plaintiff's Motion for Consent to Communicate with Actual or Potential Class Members should be and hereby is granted.