EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

FEDERAL RESERVE BANK OF ST.
LOUIS, Defendant.

No. C–76–364.

United States District Court,
W. D. Tennessee, W. D.

Oct. 31, 1979.

Marian L. Cover, George C. Bradley, Trial Attorneys for EEOC, Memphis, Tenn., for plaintiff.

J. Edward Wise, Thomas R. Prewitt, Jr., David P. Jaqua, Gail O. Mathes, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for defendant.

## ORDER

WELLFORD, District Judge.

The EEOC brought this action under § 706 of the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. § 2000e–5, alleging that defendant has violated Title VII by maintaining segregated job classifications, failing to provide training for blacks, and discharging blacks because of race. The complaint also charged discrimination in hiring, but plaintiff has voluntarily dropped its allegations in that respect. Plaintiff seeks class relief for those persons adversely affected by the allegedly unlawful employment practices.

Defendant has filed several motions requesting various alternative forms of relief. First, defendant asserts that the EEOC may not bring a class action under § 706 and thus requests summary judgment as to all but the named charging parties. Alternatively, defendant argues that summary judgment should be granted as to all but those individuals specified by the plaintiff in response to a magistrate's order compelling the Commission to indicate persons allegedly discriminated against by defendant. In addition, defendant has asked the Court to preclude all claims and any introduction of evidence relating to one Charlotte Harrell, who allegedly failed to appear for a deposition after being subpoenaed. Finally, defendant claims that the action should be dismissed because the EEOC has allegedly failed to comply with discovery orders, has withheld evidence, and has advised a witness to disregard a deposition subpoena.

## I. EEOC CLASS ACTIONS UNDER § 706

■ The substantial majority of courts addressing the question have held that the EEOC may bring a class suit under § 706. *See, e. g., EEOC v. General Telephone Co. of the Northwest,* 599 F.2d 322 (9th Cir.

1979); *EEOC v. D. H. Holmes Co.,* 556 F.2d 787 (5th Cir. 1977); *EEOC v. Singer Controls Co. of America,* 80 F.R.D. 76 (N.D.Ohio 1978); *EEOC v. Whirlpool Corp.,* 80 F.R.D. 10 (N.D.Ind.1978). Only two decisions have held that EEOC class actions are improper under § 706, relying on the rationale that the EEOC must, but is unable to comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure. *EEOC v. Akron National Bank & Trust Co.,* 78 F.R.D. 684 (N.D.Ohio 1978); *EEOC v. Continental Oil Co.,* 13 FEP Cases 785 (D.Colo. 1977), *aff'd. on other grounds,* 548 F.2d 884 (10th Cir. 1977).

Although reasoned arguments support both sides of the issue, the Court finds more persuasive the majority position allowing class suits by the EEOC. First, the legislative record indicates that Congress contemplated that § 706 could be utilized by the EEOC to obtain class relief. During debate on passage of the § 707, Senator Williams, a floor manager of the Senate bill, responded to the argument that the EEOC should not be given authority to bring pattern and practice suits:

> There will be no difference between the cases that the Attorney General can bring under section 707 as a "pattern and practice" charge and those which the Commission will be able to bring as a result of yesterday's decision to give EEOC court enforcement powers [under § 706]. Frankly, the pattern and practice section becomes a redundancy in the law.

118 Cong.Rec. 4081 (1972). Senator Javits, co-manager of the Senate bill, echoed this view:

> By our decision yesterday [granting the EEOC authority to bring court suits under § 706], we gave the EEOC the power to bring suit in big as well as small cases
>
> . . .
>
> These are essentially class action and if [the Commission] can sue for an individual claimant, then they can sue for a group of claimants.

118 Cong.Rec. 4082 (1972).

The conclusion that Congress anticipated and intended to authorize EEOC class suits

under § 706 is consistent with the accepted view that the EEOC may, in the public interest, seek relief which goes beyond the limited interests of the charging parties. *Blue Bell Boots, Inc. v. EEOC,* 418 F.2d 355, 358 (6th Cir. 1969). It is also consistent with the fact that virtually every action under Title VII is in effect a class action to the extent that equitable relief is sought. *See Gay v. Waiters' and Dairy Lunchmen's Union,* 549 F.2d 1331, 1333 (9th Cir. 1977), and cases cited therein.

Thus, despite the partial redundancy apparent in such an interpretation of Title VII's statutory scheme, the Court accepts the view that the EEOC may utilize § 706 to bring class actions.

The legislative history of the 1972 amendments provides less guidance as to whether the EEOC must comply with the requirements of Rule 23 when it brings a § 706 class suit. The Fifth Circuit panel in *D. H. Holmes Co., supra,* interpreted certain remarks by Senator Javits as suggesting that the rule should apply. The Ninth Circuit asserted, however, that such an inference was not justified and held that the Commission need not seek Rule 23 certification. *EEOC v. General Telephone Co., supra.* See also Reiter, The Applicability of Rule 23 to EEOC Suits: An Examination of *EEOC v. D. H. Holmes Co.,* 28 Syracuse L.Rev. 741, 743–44 (———).

■ Both these courts assumed that although the EEOC had statutory authorization to bring class suits under § 706, Rule 23 posed a potential barrier to such actions. It would be inconsistent, however, with Congressional purpose to impose Rule 23 as an insurmountable barrier. Logically, Congress either authorized § 706 class actions as statutory suits outside Rule 23 or conferred standing upon the Commission to satisfy the requirements of the rule.

Finding the legislative history less than determinative, the Court believes that other important considerations warrant the conclusion that Rule 23 is inapplicable here.

First, it is wholly inconsistent to allow EEOC class suits under § 707 independent of Rule 23, as is the undisputed practice, while requiring compliance under § 706. Second, the language of the Rule itself seems unsuitable for this purpose. To inquire, for example, whether the EEOC is an adequate representative of alleged victims of employment discrimination is, in view of Title VII, an inappropriate task for the courts.

■ Finally, the important procedural safeguards afforded by Rule 23 may be implemented without an explicit application of all provisions of the Rule. Under both § 706 and § 707, the EEOC should be required to describe and identify the alleged class early in the suit to provide the defendant with fair notice of the claims it must attempt to rebut. During discovery, the Commission should specify the names and circumstances of those individual discriminatees about whom it has knowledge.[1] The granting of any individual relief, moreover, will be conditioned on a waiver of any personal right of action.

This is not to suggest, however, that the suit should be limited to those individual class members specified by the Commission. Even under Rule 23, courts have not held that the class must be so ascertainable that every potential member can be identified at the commencement of the action. See Wright & Miller, *Federal Practice and Procedure,* § 1760, p. 580. In many cases it may be impossible for the EEOC to know the names of all individuals potentially discriminated against. In addition, a prima facie showing of discrimination under Title VII may in certain cases be made almost exclusively through the use of statistical evidence. *Hazelwood School District v. United States,* 433 U.S. 299, 307–08, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977). Under these circumstances, it would be inappropriate to limit EEOC actions to those persons it is able to specify in the early stages of the

---

1. Such a disclosure was ordered by the magistrate in this case and substantially complied with by the Commission.

lawsuit. The proper standard under Rule 23, and equally appropriate here, is to require the plaintiff to identify the general outlines of the membership of the class at the outset of the litigation. *See* Wright & Miller, *supra.* Thereafter, the Commission has a continuing duty to disclose, with as much particularity as possible, the names and factual circumstances of those alleged discriminatees about whom it obtains knowledge.

## II. STRUCTURE OF AN EEOC CLASS SUIT UNDER § 706

■ The EEOC is seeking to bifurcate this action into liability and relief stages, as is a frequent practice in cases of alleged class discrimination. Defendant has expressed its concern that the EEOC is attempting to obtain a shifting of the burden of proof at the relief stage, which occurs in § 707 pattern and practice suits, without meeting the initial burden imposed on the Commission under § 707. Consistent with earlier conclusions concerning the similarity of the two sections in class suits, the Court holds that the EEOC must meet the same burden under either section to establish the existence of discrimination with respect to a class.

To prove a pattern or practice of discrimination, the Commission must establish by a preponderance of the evidence that racial discrimination is the defendant's standard operating procedure—the regular rather than the unusual practice. *Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). If the employer is unable to rebut a prima facie showing by the Commission at stage one, the burden shifts to the defendant to prove that each individual shown to be within the class was not a victim of discrimination. *Id.* at 361–62, 97 S.Ct. 1843. The *Teamsters* court further noted that the rebuttable presumption in favor of individual relief is justified only when a discriminatory pattern is established. Such a pattern creates "a greater likelihood that any single decision was a component of the overall pattern." *Id.* at 359, n. 45, 97 S.Ct. at 1867 n. 45.

Any presumption of entitlement to individual relief must therefore rest on a probability that the individual was in fact discriminated against. Unless the Commission establishes at stage one that discrimination is "more than an isolated, sporadic incident, but is repeated, routine, or of a generalized nature," *id.* at 336, n. 16, 97 S.Ct. at 1855, n. 16, no shifting of the burden at stage two may be justified. To the extent that the EEOC attempts to establish grounds for class relief in this case, it must meet the standard enunciated in *Teamsters. See also Queen v. Dresser Indus., Inc.,* 456 F.Supp. 257 (D.Md.1978).

In addition, the defendant must be afforded an opportunity to rebut any prima facie showing of discriminatory practices at stage one and may present evidence relating to specific charges of individual discrimination. *See Hazelwood School District v. United States, supra; Western Electric Co. v. Stern,* 544 F.2d 1196, 1199 (3d Cir. 1976). Thus a prima facie showing, by statistics or otherwise, by the Commission will not automatically require defendant to meet any relief stage presumption.

## III. MOTIONS FOR PRECLUSION AND DISMISSAL BASED ON ALLEGEDLY IMPROPER DISCOVERY PRACTICES

■ Although the Commission may not have acted with exemplary diligence in responding to defendant's discovery requests, the drastic relief requested by defendant is unjustified at this time. The Court has examined the voluminous discovery documents in this case and cannot find there has been substantial noncompliance on the part of the EEOC.

The opposing briefs and the discovery documents themselves reveal an ongoing dispute in which neither party is blameless. Under these circumstances, neither defendant's request for preclusion or dismissal nor plaintiff's request for costs will be granted. As to Charlotte Harrell, the Court will reserve judgment concerning the effect of her failure to appear for discovery. Defendants may pursue further prompt discovery efforts to obtain information from her.