**Phyllis Wilson HOFFMAN, Plaintiff,**

**and**

**Equal Employment Opportunity Commission, Plaintiff-Intervenor,**

**v.**

**UNITED TELECOMMUNICATIONS, INC., et al., Defendants.**

**Civ. A. No. 76–223–C2.**

United States District Court, D. Kansas.

March 28, 1986.

Karen Plax, Kansas City, Mo., David J. Waxse, Shook, Hardy & Bacon, Overland Park, Kan., for plaintiff.

James R. Neely, Jr., Regional Atty., Gretchen D. Huston, Supervisory Trial Atty., Robert G. Johnson, Sr. Trial Atty., Leslie V. Freeman, Trial Atty., E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., Benjamin L. Burgess, U.S. Atty., Amanda G. Meers, Asst. U.S. Atty., Kansas City, Kan., for plaintiff-intervenor.

Edward Boddington, Jr., Boddington & Brown, Kansas City, Kan., for defendants.

Richard J. Croker, Westwood, Kan., for United Telecommunications, Inc.

Gerald S. Hartman, Vedder, Price, Kaufman, Kammholz & Day, Washington, D.C., John J. Cassidy, Jr., James S. Petrie, Michael G. Cleveland, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for Carolina Tel. & Tel. Co., United System Service, Inc., and United Telecommunications, Inc.

## MEMORANDUM AND ORDER

GERALD L. RUSHFELT, United States Magistrate.

Under consideration are plaintiff and plaintiff-intervenor's Motion for Leave to Communicate with Potential Claimants (doc. 636) and defendants' Motion for Protective Order (doc. 657).

Plaintiff and plaintiff-intervenor (hereinafter plaintiffs) seek leave to communicate with all current employees, former employees, and applicants for employment of defendants by way of letter and questionnaire. (Exhibit A, attached to doc. 636.) Plaintiffs contend they need to communicate with these individuals before any finding of liability, in order to uncover specific instances of sex discrimination and verify the information found in defendants' records. Plaintiffs argue that the questionnaire and letter are necessary to expedite this litigation and prevent undue expense and burden. Plaintiffs seek "to clarify their right to communicate in an unimpeded manner with all potential claimants, including those who are currently management employees of Defendants." Doc. 637 at 2. At oral argument plaintiff-intervenor urged that the proposed communication was not "discovery", inasmuch as its proposal was requesting nothing from the defendants. Movants further explained their concern about communications between their counsel and current female managers of defendants against the possibility of incurring accusations of violating DR 7–104 of the ABA Code of Professional Responsibility. It prohibits contacting a party represented by a lawyer without prior consent of the lawyer.

Defendants opposed plaintiffs' motion by their own motion for protective order. They argue that use of the letter and questionnaire would create a "fishing expedition." They object to the mass solicitation of claims with no rational basis for contacting the proposed recipients other than they are women who applied for work or have worked for any defendant at any time. Defendants maintain that such a mass mailing campaign would disrupt its current work force. They do not contend that the Equal Employment Opportunity Commission (hereinafter EEOC) may not contact specific individuals whom it has reasonable basis to believe possess relevant information. Defendants state they object to the "blunderbuss" approach adopted by the EEOC. Doc. 658 at 3.

Defendants also object to the form and content of the proposed letter and questionnaire on numerous grounds, including: the subjective and leading nature of the questions; inclusion of defendants' managerial employees; references to recovery of back pay; use of the letterhead of a governmental agency; no mention that the recipient did not have to reply; and sending the questionnaire to individuals who applied or worked only for so-called "after acquired

companies." Defendants further object to participation by counsel for the private plaintiff.

Neither plaintiffs nor defendants have cited any authority in support or against using the proposed communication before a finding of liability in an action brought under § 706(f)(1) of Title VII. At oral argument counsel for the EEOC explained the absence of case law upon the suggestion that such questionnaires are commonplace and not challenged by defendants. Plaintiffs have not cited a single case, however, in which the EEOC has used such a questionnaire. Furthermore, counsel for the EEOC admitted he had not used the proposed questionnaire in any other litigation. Defendants contended that there is no authority for such a questionnaire before a finding of liability.

The court has found only one case on point. In an action brought by the EEOC under § 706(f)(1) of Title VII, the district court permitted the EEOC to send a letter and questionnaire " … to certain women identified as present or past employees of the Defendant Company who took a maternity leave from their jobs …." on the basis that " … the proposed communication is likely to develop the probative and relevant data necessary to prove or disprove plaintiff's claims." *EEOC v. Singer Controls Company of America,* 80 F.R.D. 76, 79 (N.D.Ohio 1978). The decision cites no authority. Nor does it discuss the form or contents of the proposed communication.

Plaintiffs rely on the case of *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981), in support of their position. In *Gulf Oil,* which involved a class action under F.R.Civ.P. 23, the district court entered an order imposing a complete ban on all relevant communications between parties or their counsel and any actual or potential class member who was not a formal party, without the prior approval of the court. The district court made no findings of fact and did not write an explanatory opinion concerning the order. Upon a rehearing the Fifth Circuit

Court of Appeals reversed the district court.

The Supreme Court granted certiorari "to determine the scope of a district's court's authority to limit communications from named plaintiffs and their counsel to prospective class members, during the pendency of a class action." 452 U.S. at 93, 101 S.Ct. at 2196. The Court held that in a class action, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." 452 U.S. at 101, 101 S.Ct. at 2200. The Court further stated that "such a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." 452 U.S. at 102, 101 S.Ct. at 2201. After finding that the district court failed to carefully weigh competing factors, make factual findings, or legal arguments for its order, the Court concluded that district court had abused its discretion in imposing its order to limit communications.

Defendants argue that *Gulf Oil* is inapplicable here, because the present case is not a class action under Rule 23. They urge that this suit is essentially proceeding as a direct enforcement action by the EEOC and is not a representative action of any kind. They rely on *General Telephone Company of the Northwest v. Equal Employment Opportunity Commission,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), in which the Court stated that EEOC enforcement suits are not representative actions subject to F.R.Civ.P. 23.

Defendants further maintain no notice is required here to protect due process rights of potential claimants, inasmuch as this action will not be *res judicata* as to unnamed parties.

Defendants also cite *Dolan v. Project Construction Corp.,* 725 F.2d 1263 (10th Cir.1984), in support of their position. *Dolan* was an action under the Fair Labor

Standards Act. Plaintiffs there appealed an order of the district court, which had denied their motion to authorize sending of notices to putative plaintiffs. In affirming the district court, the Tenth Circuit Court of Appeals relied on the legislative history of the Fair Labor Standards Act and its requirement that employees must "opt-in" to be bound by a judgment in suit under 29 U.S.C. § 216(b). However, the court did address the applicability of the holding in *Gulf Oil v. Bernard* to actions not brought under F.R.Civ.P. 23. The court stated:

> Additionally, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101, 101 S.Ct. 2193, 220, 68 L.Ed.2d 693 (1981). Although, *Gulf Oil* is a case involving a Rule 23 action, the principle of law is applicable to all representative actions.

725 F.2d at 1268.

Defendants thus raise the question whether an EEOC direct-enforcement action is subject to the ruling in *Gulf Oil.*

Although the EEOC does sue in its own name in an enforcement action under § 706(f)(1) of Title VII, it does so to seek relief for individuals who were allegedly victims of discrimination. In *Harris v. Amoco Production Co.,* 768 F.2d 669 (5th Cir.1985), the Fifth Circuit Court of Appeals described an EEOC enforcement suit as follows:

> When the latter [adjudication] becomes necessary, whether by direct suit or by intervention, the Commission acts not for itself but for the people who filed complaints with the agency, for similarly situated individuals, and in the general public interest. The EEOC's ability to maintain suit "in its own name" has no meaning apart from whatever relief the Commission obtains for employees who have been treated as less than equal.

768 F.2d at 682. The court also described the EEOC as "a de facto class representa-tive." *Id.* at 683 n. 27. Since the EEOC seeks relief both for the benefit of individual claimants as well as to vindicate the public interest, its direct-enforcement action is subject to the ruling of *Gulf Oil. General Telephone, supra,* supports this conclusion. Its holding involves the question as to whether an EEOC enforcement action was subject to the procedural requirements of F.R.Civ.P. 23. 446 U.S. at 323 n. 5 and 334 n. 16, 100 S.Ct. at 1703 n. 5 and 1708 n. 16.

*Gulf Oil, supra,* does not reach the issue of propriety for a mass mailing of a letter and questionnaire, bearing the contents plaintiffs propose, to all female employees who worked for any of the defendants at any time. It takes little imagination to recognize that such procedure may pose a substantial threat to the business operations of the defendants and to the working relationships of their employees. In *EEOC v. Singer Controls Company of America,* 80 F.R.D. 76 (N.D.Ohio 1978), the court allowed but limited a mailing to certain employees who took maternity leave from their jobs at any time relevant to the action. 80 F.R.D. at 79.

Plaintiffs already have much of the information requested in the questionnaire. The court has required defendants to produce large numbers of personnel files which would contain the information sought by questions 1 through 9. As for claims of individual sex discrimination, the court has ordered defendants to answer interrogatories which asked for information pertaining to complaints or charges of sexual discrimination lodged against defendants, other than those filed with the EEOC. Plaintiff-intervenor already has control of charges of sex discrimination filed against the defendants with the EEOC. Order of January 17, 1985 (doc. 660). The proposed need for mailing the letter and questionnaire to all employment applicants and employees of defendants at any time, when plaintiffs have most of the informations in business records produced by defendants or sworn interrogatory an-

swers, does not outweigh the risk of harm to the defendants.

■ In the opinion of the court use of the particular letter and questionnaire, as plaintiffs propose, would create a substantial risk of causing confusion, misunderstanding about the case, and unnecessary disruption to the business operations of defendants and working relationships of employees. The documents bear the official seal and letterhead of the EEOC and thus the appearance of official governmental authority for their contents. They describe the case only from the point of view of plaintiffs. They solicit claims, certainly by inference if not by direct invitation. The language is susceptible to an interpretation that a recovery will be obtained. There is no statement that the issues of liability have not yet been determined. They solicit a broad request for information as to any discrimination by any defendant to any person at any time. The questionnaire broadly seeks not only for facts, but also for subjective opinions by the employees about the possibilities of discrimination. Responses are to be addressed solely to the EEOC. The proposal is for this solicitation to be mailed to all female employees of all defendants, including those with managerial positions.

Plaintiffs have access to alternative procedures for obtaining relevant information from the proposed addressees of a mass mailing. These procedures include depositions, either oral or by written questions. These alternatives may indeed be more expensive and time consuming than a mass mailing. Expense and expedition of discovery, of course, are legitimate concerns. Nevertheless, they should not outweigh concerns of fundamental fairness for all parties and avoid the threat of damaging disruptions to normal, reasonable business operations.

For the foregoing reasons, the court will not grant a judicial sanction to the letter and questionnaire proposed by the plaintiffs. Their motion (doc. 636) is denied.

The motion of defendants for a protective order occasions another consideration, however, as to the extent a court may or should restrain otherwise permissible communications with potential claimants and witnesses. Rights of free speech under the First Amendment to the Constitution impact this question. *Gulf Oil, supra,* noted the viability of that issue, but did not resolve it. The Supreme Court rejected a blanket ban against all communications. Dictum in the case reflects approval of an order which limits communications, provided it is based on a clear record and specific findings of need.

By way of their motion for protective order, defendants do not seek to prohibit all communications between plaintiffs and specific individuals who applied for jobs or worked for defendants. They ask for certain restrictions in addition to prohibiting the proposed letter and questionnaire. For example, defendants would restrict the plaintiffs in contemplated communications with nonparties to this action.

The relief defendants thus seek is not simply for a protective order against discovery. Instead they would restrain plaintiffs in their investigation and trial preparation. The *Gulf Oil* case, *supra,* as previously noted, authorizes an appropriate limiting order in a class action, provided there is a clear record to support it. Other cases, cited in the memoranda of the parties, suggest such an order is similarly appropriate in an action like this one, where the EEOC intervenes by virtue of Title VII of the Civil Rights Act of 1964, § 706. *General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), moreover, recognizes that the interest represented by the EEOC in a direct-enforcement action is indeed broad and not limited merely to the claims of the individual plaintiff. To support limitations against its communicating with individual employees who may be claimants, the moving party should supply the court with facts, supported by the record, as distinguished from stereotyped or conclusory statements. *Gulf Oil v. Bernard,* 452 U.S. 89, 101–02, 101 S.Ct. 2193, 2200–01, 68 L.Ed.2d 693 (1981).

■ Balancing all the foregoing considerations the court fails to find that defendants have supplied an adequate record to support the kind of protective order they seek by their motion. Accordingly, the court will overrule that motion (doc. 657), except as follows:

Upon the agreement of the parties the Magistrate previously ordered defendants to produce to plaintiffs tapes which contain personnel information about the employees of the defendants. At the discovery conference of March 27, 1986 the Magistrate further directed defendants to produce some withheld portions of the tapes, containing addresses and possibly phone numbers of the employees. Until further order of the court to the contrary, plaintiffs shall not use any of the withheld information, relating to addresses and phone numbers, for the purpose of contacting or interviewing such employees. This does not restrict plaintiffs from using other sources of information. See *Harris v. Amoco Production Co.,* 768 F.2d 669 (5th Cir.1985).

Because of the matters raised by these two motions, the court strongly urges nevertheless, that the parties pursue the following procedure with regard to any communications between plaintiffs and current employees of the defendants and more especially as to those between plaintiffs and any management employees:

1. The parties should prepare and exchange among themselves sets of proposed guidelines to govern any communications between plaintiff-intervenor and current employees of the defendants, at least as to employees of managerial rank.

2. Any communications between plaintiff-intervenor and current managerial employees of defendants should relate only to identify who claims to be a victim of sex discrimination by any defendant during the relevant period for which a claim may be brought, the address of the claimant and the facts upon which the claim is based.

3. The parties should prepare and exchange among themselves a proposed letter by which the EEOC and defendant(s) jointly may notify any management employee who may be a potential claimant of sex discrimination, of the following: (a) a short notice of the pendency of this action; (b) that the case has not been resolved and that there has been no determination of any claim asserted in it; and (c) that the respondent may by written reply, addressed jointly to EEOC and defendants, state that she contends that the conduct of defendant constitutes sex discrimination toward her during the relevant time period.

4. Counsel should continue to abide by the ethical constraints of the Code of Professional Responsibility, including DR 7–104 and 2–103.

5. If the parties cannot agree upon a procedure by which the EEOC may thus communicate with employees of defendants, plaintiff-intervenor should consider pursuing the alternative of deposing such employees either orally or upon written questions.

6. Any communications with employees of any defendant should be undertaken in such manner as will avoid disruption or jeopardy of their legitimate business operations and inter-employee working relationships or at least minimize any risk of such disruption or jeopardy.

IT IS SO ORDERED.