**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INC. f/k/a "Diamond–Star Motors Corporation," Defendant.**

No. 96–1192.

United States District Court, C.D. Illinois.

March 24, 1997.

Jean P. Kamp, John C. Hendrickson, Steven J. Levine, E.E.O.C., Chicago, IL, for plaintiff.

Peter W. Brandt, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, Walter B. Connolly, Jr., Peter W. Waldmeir, Miller, Canfield, Paddock & Stone, PLC, Detroit, MI, Alison B. Marshall, Miller, Canfield, Paddock & Stone, PLC, Washington, DC, for defendant.

Jeffrey B. Rock, Hasselberg & Rock, Julie L. Galassi, Peoria, IL, for intervenor.

### ORDER

McDADE, District Judge.

Before the Court are Defendant's Objections to the EEOC's Third Proposed Letter to Mitsubishi Employees and Motion to Enforce Scheduling Order [Doc. # 51]. This is just the latest chapter in an ongoing war between the parties regarding proposed communications to the alleged victims of sexual harassment. A brief history of this dispute is in order.

### BACKGROUND

On September 13, 1996, Plaintiff EEOC sent a form letter to all current and former female associates of Defendant Mitsubishi which stated in relevant part: "You should know that you are not required to discuss any issues relating to this lawsuit with Mitsubishi's Human Resource Department." On October 24, 1996, Mitsubishi filed a motion for clarification of the EEOC's letter requesting the Court to issue a corrective notice. In its Order of November 14, 1996, as modified on reconsideration on November 21, 1996, the Court ordered that the following notice be sent out on EEOC letterhead:

> Our letter of September 13, 1996, should not be read to suggest that you should not present any complaints you may have relating to sexual harassment, sex-based harassment, and retaliation to Mitsubishi's Human Resources Department pursuant to the company's sexual harassment policy. You should feel free to bring these matters to the company's Human Resources Department pursuant to the company's sexual harassment policy. Of course, you are also free to inform the EEOC of such matters at any time that you wish.

After EEOC's appeal from these Orders was dismissed for lack of jurisdiction, the notice was sent out.

Soon after this time, Mitsubishi's human resources personnel began to hold scripted interviews of its employees regarding "certain claims of sexual harassment that had not previously been brought to the Company's attention." These claims had been revealed to Mitsubishi through discovery of EEOC's administrative files which related various alleged incidents occurring at least two years earlier. Mitsubishi conducted a dozen of these interviews on the representation that it was "ensur[ing] that there was no ongoing harassment" in the workplace.

The script used by human resources personnel at these interviews included the following questions:

1. Tell me about any incidents of sexual harassment that occurred to you that you may not have reported to ER.[1]

---

1. Presumably, "ER" refers to the Employee Relations department or some similar entity.

2. Was your supervisor aware of it? Who was that? How was your supervisor made aware of the situation?

3. If your supervisor did not take action, why didn't you come to ER?

4. What did you say to the harasser?

5. Did you keep a journal or any notes on what happens to you at the plant? Will you bring it in so we can have a copy of it? YES or NO

6. Is the behavior continuing today? When did it stop? Why did it stop?

7. What do you feel is the proper remedy for this allegation?

8. Have you ever witnessed sexual harassment of any other people? Who?

9. Have you ever witnessed sexual harassment of any of the plaintiffs? Who?

10. What do you want the Company to do today?

The following were "closing questions and statements":

* As you are aware, the EEOC has filed a class action lawsuit against MMMA, are you interested in participating in this lawsuit? This in no way prevents you from being eligible for any monetary compensation the EEOC feels you may be eligible to receive. YES or NO

* Do you want the EEOC to bring your personal allegations into the public domain? You have MMMA's commitment that we will not air any personal complaints in public. YES or NO.

* There will be no retaliation whatsoever for any participation in the lawsuit or this interview. If you feel you have been retaliated [against] in any way, please let me know immediately.

* The information in this meeting should not be discussed with anyone else. Your supervisor does not know the reason for this meeting.

After concluding each interview, Mitsubishi typed up the notes of the interviews and asked the interviewee to review and sign the notes, authenticating them for later use.

When EEOC discovered that Mitsubishi was engaging in these ex parte interviews, it insisted that Mitsubishi cease conducting them immediately. Counsel for Mitsubishi agreed and has not conducted any interviews since the initial twelve. In a letter dated January 30, 1997, Mitsubishi expressly agreed "not to engage in any *ex parte* contacts with any current or former female Associates who presented complaints to the EEOC relating to sexual harassment, sex-based harassment and/or retaliation prior to the filing of the lawsuit, *i.e.,* potential claimants identified by the EEOC." In a subsequent letter dated February 12, 1997, Mitsubishi agreed to the "mini-deposition" approach previously discussed by the parties. Under this approach, EEOC counsel would be present at all future interviews and they would be conducted as noticed depositions pursuant to the Federal Rules of Civil Procedure. However, Mitsubishi insisted that due to its pressing need to remedy all vestiges of ongoing discrimination in the workplace, it could not wait until the time for formal depositions to be conducted in October of 1997.

The Court's Orders of November 14 and 26, 1996, set up a system by which the parties could provide advance notice to opposing counsel of any mass mailings that it intended to send to the alleged victims of discrimination. Opposing counsel would then have ten calendar days in which to file objections to the content or form of such communications. The latest EEOC submission to which Mitsubishi has objected states as follows:

EEOC is writing to tell you that we are giving to attorneys for Mitsubishi a list of all women about whom, at this time, we have information indicating that they have been (1) subjected to a working environment which included unwelcome physical or verbal conduct of a sexual nature directed toward women, (2) harassed because of their sex, and/or (3) retaliated against because of complaints about sexual or sex based harassment.

EEOC's position in this lawsuit—*which is denied and contested by Mitsubishi*—is that Mitsubishi permitted an environment of sexual harassment which affected virtu-

ally all of those women who observed or were subjected to it at the Normal plant. Your name has been included on the list of women who EEOC believes were personally subjected to or who witnessed the hostile environment which EEOC alleges. Court rules controlling the lawsuit require that EEOC give this list to Mitsubishi's lawyers.

EEOC will not disclose to anyone other than attorneys for Mitsubishi the fact that your name is on the list. EEOC has been assured that Mitsubishi and its lawyers will not disclose the fact that your name is on the list to the public or to other employees.

EEOC has been told by Mitsubishi that Mitsubishi staff and lawyers for the company may want to discuss your claims with you. *The decision about whether to talk with Mitsubishi personnel or its lawyers is your personal decision.* However, you should also be told that the best legal judgment of the EEOC lawyers bringing this case is that—if you want to obtain relief through this case—you should *not* discuss this lawsuit or your claims with Mitsubishi staff or its lawyers. EEOC recommends, for example, that you *not* discuss any statements you may have previously given or complaints you may have previously made about past events. Mitsubishi's interest is to reduce its liability in this lawsuit. Information which Mitsubishi staff and attorneys get from conversations with you may be used against you at trial. In brief, the recommendation of EEOC's lawyers is like that you have probably heard about lawyers giving in many types of cases: "Don't talk about it."

Mitsubishi and its lawyers will have the right to take your deposition with a court reporter and EEOC representatives present. If your deposition is taken, there will be lawyers for all sides present to make sure that all rules are being followed and there will be an exact record of what you say.

If you do wish to discuss your claims informally with Mitsubishi personnel, we strongly recommend that you ask an EEOC representative to participate in the discussion.

EEOC has previously written you, and we want to repeat, that EEOC encourages you to make known any complaints of any sexual harassment at Mitsubishi which is going on right now. Mitsubishi has told EEOC that it desires to eliminate any ongoing sexual harassment and will do so if advised that there is a current problem. EEOC supports Mitsubishi's stated determination to eliminate current sexual harassment. If you have any such complaints, please call us at the number set forth below, and EEOC will make arrangements to have you meet with the appropriate Mitsubishi personnel and will, if you wish, be present at any interview.

Finally, we wish to advise you that if you are *certain* that you do not wish EEOC to seek monetary or any other relief for you in this lawsuit, you should tell us so in writing. We will then remove your name from the list.

Please feel free to call us at (312) 353—— if you have any questions about this letter.

### *ANALYSIS*

There are in fact two interrelated issues that need to be addressed here: (1) whether and in what manner Mitsubishi may interview its employees about alleged claims of sexual harassment; and (2) whether and to what extent the Court should allow EEOC to send its proposed letter to the alleged victims in this case.

In its Order of November 14, 1997, the Court noted that "the EEOC was wrong to inform Mitsubishi's current employees that they are 'not required to discuss any issues relating to this lawsuit with Mitsubishi's Human Resources Department.'" While the Court continues to adhere to this view, it must be tempered by EEOC's legitimate interest in communicating legal advice and information to those persons that it will potentially represent in this action. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).[2] The Court remains

---

**2.** While the Executive Branch of the federal gov-        ernment has no free speech rights under the First

reluctant to interfere with such a right so long as it does not mislead or confuse those persons who it is meant to inform. *Babbitt v. Albertson's Inc.*, 1993 WL 150300, at *4 citing *Zarate v. Younglove*, 86 F.R.D. 80, 101 (C.D.Cal.1980).

Fortunately, the Court's task is made easier by the current posture of this case. In letters to EEOC and in its Objections filed with this Court, Mitsubishi has obligated itself to conduct "mini-depositions" of those employees who are included on EEOC's list of alleged victims of past harassment and retaliation. The Court agrees with EEOC that it "should hold Mitsubishi to this offer" and now makes it explicit: any future attempt by Mitsubishi to hold discussions with the alleged victims in this case concerning past incidents of harassment must be done by a noticed deposition in accordance with the Federal Rules of Civil Procedure.

This is not to say, however, that Mitsubishi must wait until formal discovery of these alleged victims (scheduled to begin in October of 1997) in order to obtain further information in its attempt to remedy ongoing discrimination in the workplace. The parties are ordered to prioritize and depose as soon as practicable any alleged victim who has information about ongoing harassment at Mitsubishi's plant. Likewise, to the extent that Mitsubishi can justify an expedited deposition by its need to investigate and remedy any previously unreported incidences of harassment, EEOC must be willing to accommodate such a request.[3] Specific disputes of this nature should be taken up with Magistrate Judge Kauffman.

This agreement resolves any fears that informal interviews or discussions will be initiated by Mitsubishi personnel. But how is Mitsubishi supposed to deal with *employee-initiated* discussions by those designated by EEOC as alleged victims? This inquiry must be divided into two subcategories: (1) employee-initiated discussions of past claims of harassment involved in this litigation, and (2) employee-initiated complaints of "new" instances of harassment at the plant.

The first category already appears to be covered by Mitsubishi's agreement to "not to engage in any *ex parte* contacts with any current or former female Associates who presented complaints to the EEOC relating to sexual harassment, sex-based harassment and/or retaliation prior to the filing of the lawsuit, *i.e.*, potential claimants identified by the EEOC." This broad language does not distinguish between employer-initiated and employee-initiated discussions and the Court presumes that Mitsubishi will turn away alleged victims in this case who attempt to initiate discussions about their claims of past harassment. In such a case, Mitsubishi must notify the employee that she has the right to be represented by EEOC counsel and that all such discussions will be done by noticed deposition.

With regard to the second category—employee-initiated complaints of "new" harassment—EEOC apparently agrees that informal interviews would be appropriate for such claims so long as the complainant is informed of the availability of EEOC representation. EEOC additionally recommends that complainants who are alleged victims in this case should bring their new grievances directly to EEOC who will then relay them to Mitsubishi. While Mitsubishi contends that such an approach would discourage employees from making new complaints of ongoing harassment, the Court does not share this concern, as it believes that the EEOC will not abuse

Amendment, *EEOC v. Mitsubishi Motor Manf. of Am., Inc.*, 102 F.3d 869 (7th Cir.1996), the Supreme Court in *Gulf Oil* appeared to base its holding not on the First Amendment but on "the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23." 452 U.S. at 102, 101 S.Ct. at 2200–01. And even though Rule 23 does not *technically* apply here because this is not a class action, *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333–34, 100 S.Ct. 1698, 1707–08, 64 L.Ed.2d 319 (1980), the

EEOC seeks relief for the benefit of individual claimants and *Gulf Oil* should be applied. *Hoffman v. United Telecommunications, Inc.*, 111 F.R.D. 332, 334–35 (D.Kan.1986).

3. Even if the harassment is not actually "ongoing," Mitsubishi is still obligated to speak with the alleged harassers to discover whether the allegations are true and to take appropriate remedial measures against these individuals.

such a process.[4] Moreover, the approach is narrowly tailored to apply only to those employees who are listed as alleged victims by EEOC. Such persons are probably more likely to bring forth new claims of discrimination to EEOC rather than to Mitsubishi directly. Thus, the process will actually assist Mitsubishi in its attempt to remedy ongoing harassment.[5]

The resolution of these issues provides much of the answer to the second question before the Court: should EEOC be allowed to send out its letter to those persons named on the list of alleged victims? With the caveats expressed below, the Court believes that EEOC should be able to do so.

The persons on the list have a legitimate right to know that their names are being turned over to Mitsubishi but will not be disclosed to the public at large. Thus, the first three paragraphs of the letter are appropriate. Regarding the third paragraph of the letter, EEOC concedes that Mitsubishi may have a reasonable basis for disclosing the names of alleged victims to certain Mitsubishi employees. Thus, the phrase "or to other employees" should be deleted from the last sentence of that paragraph.

Paragraphs four and six, however, are extraneous and confusing in light of the agreement between the parties previously discussed in this Order. With the safeguards described above, the Court sees no reason for EEOC to warn employees of the danger of speaking informally with Mitsubishi personnel or counsel. This simply will not occur and if it does, appropriate sanctions may be sought at that time.

The remainder of the letter poses no problem. Indeed, paragraph seven addresses the Court's concern that new complaints of ongoing harassment should be promptly addressed by Mitsubishi without the need for a formal deposition. As discussed above, EEOC's proposal that alleged victims initially contact EEOC, rather than Mitsubishi, with such claims is reasonable absent abuse by EEOC.

One final issue deserves mentioning. The second paragraph of EEOC's proposed letter states that EEOC's position in this lawsuit is that the hostile work environment at Mitsubishi has affected virtually all of the women "who *observed or* were subjected to it at the Normal plant" (emphasis added). Likewise, the next sentence states that the recipient's "name has been included on the list of women who EEOC believes were personally subjected to *or who witnessed* the hostile environment which EEOC alleges" (emphasis added). Yet, on page 12 of its memorandum in response to Mitsubishi's objections, EEOC states:

> Contrary to Mitsubishi's assertions, the proposed letter does not affect "witnesses" to harassment who are not themselves victims (*whether through conduct directed at themselves or others*) of the sexually hostile work environment alleged by EEOC. It is addressed to the women on the list of known class member and/or victims of the hostile work environment at Mitsubishi which EEOC is ready to provide to Mitsubishi.

(emphasis added).

While it may be a matter of mere semantics, the Court believes that the language in paragraph two is misleading. Without ruling upon the merits of EEOC's legal theory, it may be proper for EEOC to say that one who observes or witnesses the perpetration of sexual harassment upon others may herself be "subjected to" a hostile work environment. However, it is confusing to say that observing or witnessing this hostile work environment is something different than being "subjected to" that environment. In sum, the Court finds that the words "observed or"

4. The Court presumes that EEOC will not abuse this privilege by winnowing out potential claims before they can be subjected to Mitsubishi's internal grievance procedures or by dissuading employees to take advantage of such procedures. Such conduct could expose EEOC to contempt of Court or other appropriate sanctions.

5. The Court further notes that this process is not mandatory; it is up to the alleged victims to choose whether to approach EEOC or Mitsubishi with their new complaints of harassment. However, if they approach Mitsubishi directly, Mitsubishi should give adequate notice to EEOC and inform the claimant of her right to be represented by EEOC counsel before engaging in an informal discussion of such charges.

should be redacted from the first sentence of the second paragraph and the phrase "or who witnessed" should be redacted from the second sentence of the second paragraph. The resulting language will be more coherent to its readers and more in line with what appears to be EEOC's legal position here.

### CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Objections to the EEOC's Third Proposed Letter to Mitsubishi Employees and Motion to Enforce Scheduling Order [Doc. # 51] are **GRANTED in part** and **DENIED in part**. EEOC's third proposed letter may be sent out immediately with the following redactions: (1) the phrase "observed or" in the first sentence of paragraph two; (2) the phrase "or who witnessed" in the second sentence of paragraph two; (3) the phrase "or to other employees" in the last sentence of paragraph three; and (4) paragraphs four and six in their entirety.

IT IS FURTHER ORDERED that EEOC shall turn over its list of alleged victims to Mitsubishi within five (5) days of the date it sends out the letter discussed above.

IT IS FURTHER ORDERED that any future attempt by Mitsubishi to engage in discussions with alleged victims concerning past incidents of harassment must be done by a noticed deposition in accordance with the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the parties shall prioritize and depose as soon as practicable any alleged victim who has information about ongoing harassment at Mitsubishi's Normal, Illinois plant. Likewise, the parties shall expedite those depositions which Mitsubishi can justify by its need to investigate and remedy any previously unreported incidences of harassment. Specific disputes shall be taken up with Magistrate Judge Kauffman.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File a Reply Memorandum [Doc. # 55] is **GRANTED.**